
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ULICES AGUILAR, | No. 15-16944 |
| Petitioner-Appellant, | D.C. No. 1:12-cv-01547-LJO-JLT |
| v. | |
| WARREN MONTGOMERY, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Argued and Submitted August 15, 2017
San Francisco, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and EZRA,[**] District Judge.

Ulices Aguilar was convicted by a California jury of second-degree murder.

He now appeals the district court's denial of habeas corpus relief on two claims

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

relating to juror bias and misconduct, which were denied as procedurally barred, and alternatively, as meritless. We affirm.

**1.** The district court correctly found that Aguilar's claim relating to Juror 3 was procedurally barred. *Harris v. Reed*, 489 U.S. 255, 262 (1989). Looking to the last reasoned opinion on the claim, we examine the California Court of Appeal's decision on habeas review. *Cannedy v. Adams*, 706 F.3d 1148, 1156 (9th Cir. 2013). That court properly held the claim was barred by the state's so-called *Dixon* bar, *see In re Dixon*, 264 P.2d 513, 514 (Cal. 1953) (en banc), which requires a defendant to raise a claim on direct appeal to preserve it for habeas. *See, e.g.*, *Johnson v. Lee*, 136 S. Ct. 1802, 1805 (2016) (per curiam) (holding that the *Dixon* bar is an adequate state ground); *In re Robbins*, 959 P.2d 311, 338–39 & n.32 (Cal. 1998) (independent); *cf. In re Seaton*, 95 P.3d 896, 901 n.4 (Cal. 2004) (explaining that a state court may bar habeas claims under either California's rule requiring a timely objection at trial or the *Dixon* bar, if both could apply). Further, we decline to certify Aguilar's derivative claim of ineffective assistance of trial counsel relating to Juror 3, because it does not present "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**2.** The district court erred by holding as procedurally barred Aguilar's ineffective assistance of counsel claim relating to Juror 9. No state court has

explicitly addressed this claim except the Court of Appeal on direct review, which reserved it for habeas. As a result, the California Supreme Court rejected the claim on the merits in its summary denial of habeas relief. *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

We grant certification to review the merits of Aguilar's Juror 9 claim. *See* 28 U.S.C. § 2253(c)(2). However, we cannot say that the California Supreme Court's resolution of the claim constituted an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984), under any theory. *See Harrington*, 562 U.S. at 102, 105. Aguilar cannot show the required prejudice under that "doubly" deferential standard. *Id.* at 105 (citation omitted). No evidentiary hearing was required. The state trial court did not make an unreasonable determination of the facts. *See Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004). We therefore affirm the district court's rejection of the Juror 9 claim on the alternative ground that the claim is without merit.

**AFFIRMED.**